IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-60098

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH CRAWFORD MIXON,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Mississippi
(2:93-CR-184-B)

---

April 8, 1997

Before HIGGINBOTHAM, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Joseph Mixon appeals the denial of his 28 U.S.C. § 2255 petition arguing that the district court erred in finding that Bailey v. United States, 116 S.Ct. 501 (1995), did not affect his convictions for manufacturing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B), possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(D), and "using" a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  We reverse Mixon's

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th cir. R. 47.5.4.

conviction under 18 U.S.C. § 924(c) only, vacate his sentence, and remand to the district court for resentencing on Mixon's remaining convictions.

## I.

On June 17, 1993, Mississippi Bureau of Narcotics (MBN) aerial surveillance revealed marijuana plants growing on property owned by Joseph Mixon. Before searching the property, MBN agents contacted Mixon and asked him to be present during the search. After obtaining a search warrant and meeting Mixon, MBN agents commenced a search of the property. After Mixon unlocked a house on the property, the agents advised him of his rights and asked him if there were any weapons in the house. Mixon said he had a loaded gun in the bedroom. The search revealed a loaded .380 semi-automatic pistol, a loaded .38 revolver, two .22 caliber revolvers, over 6 kilograms of packaged marijuana, and 308 marijuana plants.

Mixon was arrested and charged with manufacture of in excess of 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(D), and using and carrying four handguns during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The jury convicted him on all counts. On direct appeal, this court denied Mixon's challenge to the sufficiency of the evidence on all counts. On January 4, 1996, Mixon filed a motion under 28 U.S.C. § 2255, arguing that the evidence presented at trial was insufficient to

sustain his conviction after <u>Bailey</u> and that the evidence and instructions regarding the firearms offense prejudiced his defense and denied him a fair trial on the remaining drug trafficking charges. The district court denied the motion on January 17, 1996. Mixon timely filed a notice of appeal on February 7, 1996.

II.

A.

Before proceeding to the merits of Mixon's appeal, we must determine whether he is properly before this court. On April 24, 1996, provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("the Act"), became effective. The Act amended 28 U.S.C. § 2253 to require petitioners under 28 U.S.C. § 2255 to obtain a certificate of appealability before proceeding in this court with a challenge to the denial of relief.[1] The Act also requires a certificate of appealability for petitions under 28 U.S.C. § 2254. Before the Act became effective, § 2254 petitioners were required to obtain a certificate of probable cause, which this court has found to be equivalent to a certificate of appealability. <u>Drinkard v. Johnson</u>, 97 F.3d 751, 756 (5th Cir. 1996)(petition for cert. filed January 6, 1997). No parallel requirement existed for § 2255 petitioners

---

[1]To receive a certificate of appealability, a petitioner must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.

3

before the Act; once they filed their appeal, they were properly before this court.

Mixon filed his notice of appeal before the effective date of the Act and had therefore completed all the steps required to invoke this court's review. To require a certificate of appealability from him now would condition his right to review after it had already been invoked. See Brown v. Cain, 104 F.3d 744, 748-49 (5th Cir. 1997)(finding that a § 2254 petitioner who had already obtained a certificate of probable cause need not obtain a certificate of appealability). We may therefore proceed to the merits of Mixon's appeal.

B.

On appeal, the government concedes that Mixon's conviction under 924(c)(1) should be reversed in light of Bailey. Mixon argues that the faulty 924(c)(1) instruction and the presentation of evidence of the presence of guns prejudiced his right to a fair trial on the drug trafficking counts. Mixon claims that the evidence connecting him to the marijuana operation was weak and that the jury therefore must have used his ownership of the weapons to overcome any doubt they had about his innocence.

Evidence of the guns would have been properly admitted into evidence even without the 924(c)(1) charge. See United States v. Martinez, 808 F.2d 1050, 1056-57 (5th Cir. 1987), cert. denied, 481 U.S. 1032 (1987)("firearms are 'tools of the trade' of those engaged in illegal drug activities and are highly probative in

4

proving criminal intent"(citation omitted)).  Therefore, Mixon has identified no reason for this court to overturn his convictions for manufacturing and possession with intent to distribute marijuana.

III.

For the reasons stated above, we reverse Mixon's conviction under 18 U.S.C. § 924(c)(1), vacate his sentence, and remand to the district court for resentencing on the possession and manufacturing counts.